# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF COLUMBIA
### 333 Constitution Ave. NW
### Washington, D.C. 20001


Nabil J. Asterbadi
2726 Chain Bridge Road N.W.
Washington, D.C. 20016



Case No.

Vs.

Case: 1:25-cv-01847 JURY DEMAND
Assigned To : Lamberth, Royce C.
Assign. Date : 6/12/2025
Description: Pro Se Gen. Civ. (F-DECK)

Plaintiff,



Cenlar Federal Savings Bank
Serve: CT Corporation System
        820 Bear Tavern Road, Suite 305
        West Trenton, NJ 08628-0000


Equifax Information Services LLC
Serve: Corporation Service Company
        1156 15th Street, NW, Suite 605
        Washington, D.C. 20005


Experian Information Solutions, Inc
Serve: C T CORPORATION SYSTEM
        1015 15th St NW, Suite 1000
        Washington, D.C. 20005


Trans Union, LLC
Serve: CORPORATION SERVICE COMPANY
        1090 Vermont Avenue. N.W.
        Washington, D.C. 20005

        Defendants

RECEIVED

JUN 12 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## COMPLAINT AND JURY DEMAND

The Plaintiff, Nabil J. Asterbadi, sues the Defendants and in support of this suit he alleges:

## PRELIMINARY STATEMENT

1. The Defendants have defamed the Plaintiff and violated state and federal consumer protection laws, including the Fair Credit Reporting Act ("FCRA").

## PARTIES TO ACTION

2. Plaintiff Nabil J. Asterbadi, is natural person residing in the District of Columbia.

3. Defendant Cenlar Federal Savings Bank (hereinafter" Cenlar FSB") is a mortgage subservicer. It is a federally-chartered wholesale bank, and most prominently serves a client base of banks, thrifts, credit unions and mortgage companies. Cenlar Federal Savings Bank is a trademark of Cenlar Capital Corporation holding company organized in Ewing, NJ.

4. Equifax Information Services LLC is classified as a Consumer Reporting Agency (CRA) under the definition provided in U.S.C. § 1681a(f). It engages in the distribution of consumer reports to third parties in exchange for monetary compensation.

5. Experian Information Solutions, Inc is classified as a Consumer Reporting Agency (CRA) under the definition provided in U.S.C. § 1681a(f). It engages in the distribution of consumer reports to third parties in exchange for monetary compensation.

6. Trans Union, LLC is classified as a Consumer Reporting Agency (CRA) under the definition provided in U.S.C § 1681a(f). It engages in the distribution of consumer reports to third parties in exchange for monetary compensation.

## FACTUAL ALLEGATIONS

7. Plaintiff has on several occasions disputed the accuracy of an account being reported by Credit Reporting Agencies and CENLAR FSB on his credit report.

8. On **February 25, 2025**, the plaintiff mailed a letter to Equifax requesting corrections to his credit report, including the removal of inaccurate name variations, outdated addresses, and incorrect employer information. The plaintiff specifically asked Equifax to update his employer status to "retired," delete all phone numbers, and ensure his correct address is listed as **2726 Chain Bridge Road N.W. Washington, D.C. 20016** with no apartment number, as none exists.

9. On **March 5, 2025**, the plaintiff received two conflicting responses from Equifax. The first claiming the plaintiff may have been a victim of fraud or identity theft and arbitrarily inserted "Apt R" into his address, which is entirely incorrect. The second letter stated that the identity documents the plaintiff submitted did not match their records and asked for further proof.

10. In response, the plaintiff promptly submitted clear copies of his **driver's license**, **Social Security card**, and a most current **utility bill** verifying his correct name and address (which again, does not include "Apt R"). Despite this, the plaintiff had to resend his request on **April 14, 2025**, once again asking Equifax to remove inaccurate name variations, update the address correctly, and list his employer as retired.

11. On **April 22, 2025**, Equifax again requested the plaintiff's driver's license and Social Security card. I find it unacceptable to be repeatedly asked for the same documents when the plaintiff have already submitted them multiple times.

12. Equifax later claimed that the plaintiff's correct address had been updated. However, my credit report dated **May 20, 2025**, still shows the erroneous address with "Apt R" included.

13. In addition, on **April 14, 2025**, the plaintiff disputed inaccurate late payment records reported by **Cenlar Federal Savings Bank**. On **May 15, 2025**, Equifax responded stating that the information had been updated. However, no changes were reflected in the plaintiff's credit report.

14. **On February 25, 2025,** the Plaintiff submitted a written dispute to Experian, requesting the removal of inaccurate information from his credit report. This included incorrect name variations, outdated addresses, and erroneous employer data. In accordance with 15 U.S.C. § 1681i(a)(1)(A), Experian was required to "conduct a reasonable investigation to determine whether the disputed information is inaccurate" within 30 days of receiving the notice of dispute. Plaintiff submitted a second written request after no response from Experian. **On April 14, 2025** the plaintiff disputed inaccurate late payment records reported by **Cenlar Federal Savings Bank** As of the date of this filing, Experian has failed to provide any written response or confirmation of reinvestigation as mandated under 15 U.S.C. § 1681i(a)(2)(B) and (a)(6)(A). Experian's ongoing failure to investigate, correct, or even acknowledge the Plaintiff's disputes constitutes a willful or negligent violation of the FCRA. This lack of response has caused the Plaintiff ongoing reputational harm, economic damages, and emotional distress due to the continued presence of false and outdated information in his consumer report.

15. On **February 25, 2025,** the plaintiff mailed a letter to TransUnion requesting corrections to his credit report, including the removal of inaccurate name variations, outdated addresses, and incorrect employer information. The plaintiff specifically asked TransUnion to update his employer status to "retired," delete all phone numbers, and ensure his correct address is listed as **2726 Chain Bridge Road, Washington N.W. D.C. 20016** with no apartment number, as none exists. **On March 25, 2025** TransUnion responded sending correspondence to an incorrect address (**see attached**). **On April 14, 2025,** the plaintiff sent another request requesting TransUnion to clean up inaccurate name variations, outdated addresses, and incorrect employer information. **On April 18, 2025,** received a response from TransUnion stating proof of address is unacceptable, then **on April 23, 2025,** received another letter from TransUnion stating they received the plaintiff's information, but it didn't appear that the plaintiff or a properly authorized third party sent the information (**see attached**).

16. The CRA's did not properly and thoroughly investigate Plaintiff's disputes under Section 1681 e (b) for failure to keep and follow reasonable procedures to assure **maximum** possible accuracy.

17. The CRA's violated 1681 I by doing a negligent/wanton investigation.

18. The furnisher has violated 1681 s-2 (b) by doing a negligent/wanton investigation.

19. This ongoing cycle of conflicting messages, failure to make timely and accurate updates, and repeated requests for the same documentation suggests a clear breakdown in CRA's responsibilities under the Fair Credit Reporting Act (FCRA). The plaintiff has acted in good faith by providing all necessary documentation and following up consistently, yet the CRA's has failed to correct the misinformation on the plaintiff's credit report file.

## COUNT ONE: VIOLATION(S) OF 15 U.S.C. § 1681e(b)

20. Plaintiff incorporates paragraphs 1 through 19.

21. The violations by the CRA's were willful, rendering them liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

22. In the alternative, the CRA's were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i(a)

23. Plaintiff incorporates paragraphs 18 through 20.

24. The CRA's violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes.

25. The violations by the CRAS were willful, rendering the CRA's liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

26. In the alternative, the CRA's were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 16810.

## COUNT THREE: VIOLATION(S) OF FCRA

27. The CRA's and CENLAR FSB violated 15 U.S.C. §

    1681e(b) by failing to utilize reasonable procedures to furnish Plaintiff's credit reports

    with maximum accurate information.

28. The CRA's and CENLAR FSB violated 15 U.S.C. §

    1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes.

## COUNT FOUR: DEFAMATION

29. Plaintiff incorporates paragraphs 21 through 28.

30. CENLAR FSB reporting constituted defamatory statements as the reporting were

    injurious to Plaintiff's financial profile.

31. CENLAR FSB knew that its false reporting would cause.

    Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

32. CENLAR FSB false and defamatory reporting caused Plaintiff to suffer damages,

    including but not limited to: pecuniary costs, damage to his financial reputation, loss

    of credit opportunity and emotional and mental distress.

## PRAYER FOR RELIEF

WHISEPORE, Plaintiff respectfully prays:

A.   That the Court award **$50,000** in actual damages for Counts I thru IV;

B.   That the Court award maximum statutory damages for FCRA;

C.   That the Court award maximum punitive damages for FCRA

conversion and defamation;

D.   That the Court award costs and any reasonable attorneys' fees; and

E.   That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

Nabil J. Asterbadi
2726 Chain Bridge Road N.W.
Washington, DC 20016
Tel: (202) 253-3222