UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NABIL J. ASTERBADI,

    *Plaintiff,*

v.

CENLAR FEDERAL SAVINGS BANK, *et al.*,

    *Defendants*.

Case No. 1:25-cv-1847-RCL

## MEMORANDUM OPINION

In June 2025, Mr. Asterbadi filed a *pro se* complaint alleging that Defendants failed to correct a variety of erroneous information on his credit report despite his repeated attempts to dispute these inaccuracies. Compl. ¶ 7, ECF No. 1. He asserts that these actions amount to violations of the Fair Credit Reporting Act ("FCRA") and state defamation law. One of the defendants, Cenlar Federal Savings Bank, has now moved to dismiss Mr. Asterbadi's claims against it for failure to state a claim. Cenlar MTD, ECF No. 3. This matter is fully briefed. Asterbadi Opp'n, ECF No. 21; Cenlar Reply, ECF No. 22. For the reasons that follow, the Court grants Cenlar's motion to dismiss with prejudice as to all but one claim, which is dismissed without prejudice.

## I. BACKGROUND

The Court recounts the following relevant allegations from the complaint, taking them "as true for purposes of a motion to dismiss." *Wash. All. of Tech. Workers v. DHS*, 892 F.3d 332, 338 (D.C. Cir. 2018) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (per curiam)).

1

In the spring of 2025, Mr. Asterbadi notified Equifax and Experian of various inaccuracies on his credit report, including erroneous late payment records reported by Cenlar Federal Savings Bank. Compl. ¶ 13. About a month later, Equifax informed Mr. Asterbadi that his information had been updated, when in reality no changes were reflected in his credit report. *Id.* As for Experian, it failed to investigate or even acknowledge Mr. Asterbadi's request. *Id.* ¶ 14.

Along with the credit reporting agencies, Mr. Asterbadi sued Cenlar for failing to address the inaccurate late payment records. In his complaint, he alleged that Cenlar violated the FCRA by failing to use "reasonable procedures to furnish" his credit reports with "accurate information" and "failing to conduct a reasonable investigation" or "doing a negligent/wanton investigation" of his disputes. *Id.* ¶¶ 27–28 (citing 15 U.S.C. §§ 1681s-2(b), 1681e(b), 1681i(a)). In addition, Mr. Asterbadi alleged that Cenlar's credit reporting was defamatory. *Id.* ¶ 29–32.

Shortly after Mr. Asterbadi filed suit, Cenlar moved to dismiss his claims against it for failure to state a claim. Cenlar MTD. This motion is now ripe. Asterbadi Opp'n; Cenlar Reply.[1]

## II.    LEGAL STANDARDS

As a general matter, "*pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers," but even *pro se* litigants "must comply with the Federal Rules of Civil Procedure." *Butler v. Cal. State Disbursement Unit*, 990 F. Supp. 2d 8, 8–9 (D.D.C. 2013). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is

---

[1] Mr. Asterbadi filed a supplemental memorandum after Cenlar filed its reply in support of its motion to dismiss. ECF No. 23. The Court will not consider this filing because surreplies are not automatically authorized by the Local Rules and Mr. Asterbadi did not seek leave to file this brief. *Schmidt v. Shah*, 696 F. Supp. 2d 44, 59 (D.D.C. 2010).

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   DISCUSSION

Mr. Asterbadi brings claims under the FCRA and state defamation law. Regarding the former, the Court holds that he has not pleaded facts sufficient to state a claim. As for the latter, the Court holds that his state law claim is preempted by the FCRA.

### A. FCRA

In his complaint, Mr. Asterbadi alleges that Cenlar violated various provisions of the FCRA, including 15 U.S.C. §§ 1681e(b) and 1681i(a). Compl. ¶¶ 27–28. These causes of action are easily disposed of since only a consumer reporting agency—not a furnisher of information—can violate these sections of the FCRA; rather, § 1681s-2(b) is "the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *See Cadmus v. Checkr. Inc.*, No. 19-cv-3459, 2021 WL 5411327 at *3 (D.D.C. Sept. 14, 2021) (quoting *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011)).

As for this latter provision, the complaint alleges that "[t]he furnisher," Cenlar, "violated [§] 1681s-2(b) by doing a negligent/wanton investigation." Compl. ¶ 18. Section 1681s-2(b) states that once a furnisher has "receiv[ed] notice . . . of a dispute with regard to the completeness or accuracy of any information" that the furnisher has "provided . . . to a consumer reporting agency," the furnisher must "conduct an investigation with respect to the disputed information" and take various remedial actions. This means that, to prevail on a claim against a furnisher under § 1681s-2(b), a plaintiff must show, among other things, that (1) they notified the credit reporting agency of the disputed information; (2) the credit reporting agency in turn notified the furnisher of

3

the dispute; and (3) the furnisher failed to fulfill its statutory obligations after it received notice of a dispute from a consumer reporting agency. *See Mosley v. Bank of America, N.A.*, No. 20-cv-3065, 2021 WL 4243406, at *3 (D.D.C. Sept. 17, 2021). In addition, the plaintiff also must plead facts sufficient to make it plausible that the defendant acted willfully, *see* 15 U.S.C. § 1681n, or negligently, *see id.* § 1681o. This means that a furnisher's failure to comply with the statutory duty upon receiving notice is not enough to bring a private suit; instead, the FCRA provides a private cause of action only for negligent or willful violations of § 1681s-2(b). *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 721 (2d Cir. 2025) ("To recover damages, a plaintiff must show that the violation of the FCRA was willful or negligent.").

Cenlar asserts that Mr. Asterbadi has failed to state a claim on these grounds since his complaint does not allege that the defendant credit reporting agencies ever notified Cenlar, as the furnisher, of any of the disputes. In other words, while Mr. Asterbadi has alleged that he submitted his disputes to the credit reporting agencies, he has not alleged that these agencies ever notified Cenlar. Compl. ¶ 13–14. In response, Mr. Asterbadi contends that his allegation of submitting disputes to the credit reporting agencies permits a reasonable inference that the agencies provided Cenlar with notice, as they are statutorily required to do so under 15 U.S.C. § 1681i(a)(2).

This is indeed so: when "a plaintiff plausibly alleges that they notified a reporting agency of a dispute, the plaintiff need not allege with particularity that the reporting agency in turn notified the furnisher"; instead, the Court "can infer the reporting agency's compliance with its statutory duty to notify the furnisher." *Pleznac v. Equity Residential Mgmt., LLC*, 320 F. Supp. 3d 99, 106 (D.D.C. 2018); *see also Himmelstein v. Comcast of the District, LLC*, 931 F. Supp. 2d 48, 55 (D.D.C. 2013) ("While Defendant may certainly introduce evidence at summary judgment that shows such notice did not actually occur, at this stage the Court is bound to grant Plaintiff the

4

presumption that the credit bureaus complied with the FCRA and in fact notified [Defendant] of the disputed debt."). Accordingly, Mr. Asterbadi's § 1681s-2(b) claim cannot be dismissed on these grounds.

Next, Cenlar asserts that the complaint fails to include factual allegations beyond a speculative level. In particular, Cenlar points out that although the complaint states that Cenlar furnished "inaccurate late payment records" and conducted a "a negligent/wanton investigation," it does so without describing the inaccurate records at issue or explaining what made the investigation negligent or wonton. Accordingly, Cenlar argues that these statements amount to conclusory recitations of two allegations necessary to the § 1681s-2(b) claim—namely, the existence of disputed information and the willful or negligent nature of Cenlar's investigation.

Regarding the disputed information, Mr. Asterbadi has identified the nature of the inaccuracy by alleging that the information at issue is the late payment records on his credit report. He need not produce this report at this stage of litigation; all that is necessary is that he lay the grounds for proving that disputed information exists, which he has done. But as for the willful or negligent nature of Cenlar's investigation, the complaint offers nothing beyond a conclusory recitation of the required mental state under § 1681n or § 1681o. While it could be the case that the furnisher acted willfully or negligently by merely failing to conduct any investigation upon receiving notice of the dispute, Mr. Asterbadi has not alleged this or anything else to factually show that this legal conclusion is true. Construing the complaint as liberally as possible, he has not provided enough detail to plausibly state a claim under the FCRA. *See Hampton v. Wells Fargo Bank, N.A.*, No. 22-cv-1712, 2023 WL 6200009, at *5 (D. Md. Sept. 22, 2023) (dismissing under Rule 12(b)(6) where the plaintiff's allegations that the furnisher "failed to conduct a proper

5

and lawful investigation . . . willfully or by preforming negligent acts" fell short of "adequately alleging [the furnisher's] failures and mental state" (internal quotation marks omitted)).

But while dismissal is with prejudice as to the §§ 1681e(b) and 1681i(a) claims (because amendment would be futile), dismissal is *without* prejudice as to his § 1681s-2(b) claim. Put differently, Mr. Asterbadi may move to amend his complaint as to the § 1681s-2(b) claim.

### B. Defamation

Mr. Asterbadi lastly alleges in his complaint that Cenlar defamed him by falsely reporting late payment records and that this defamatory reporting caused him to suffer damages. Compl. ¶¶ 30–32. But as Cenlar points out, this claim is preempted by the FCRA, which expressly preempts all state law claims "with respect to any subject matter regulated" by § 1681s-2 "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). This means that "claims made under state law concerning the furnishing and correcting of information to credit reporting agencies are preempted by FCRA." *Pleznac*, 320 F. Supp. 3d at 107 (quoting *Ihebereme v. Capital One*, 933 F. Supp. 2d 86, 98 (D.D.C. 2013)); *see also Rivera v. JPMorgan Chase Bank, N.A.*, 140 F. Supp. 3d 88, 94 (D.D.C. 2015). Here Mr. Asterbadi's defamation claim is premised on credit reporting statements by Cenlar. So his defamation claim is preempted under § 1681t(b)(1)(F) because it is brought against Cenlar, an information furnisher, and concerns responsibilities regulated by § 1681s-2—namely, the accuracy of its reporting.

Mr. Asterbadi disputes this conclusion and instead argues that common-law claims based on malice or willful intent to injure remain viable under 15 U.S.C. § 1681h(e). It is true that claim preemption under § 1681h(e) is limited by "a proviso, which allowed claims to proceed if the information was 'furnished with malice or willful intent to injure [the] consumer.'" *Armstrong v.*

*Navient Solutions, LLC*, 292 F. Supp. 3d 464, 469 (D.D.C. 2018) (alteration in original). But § 1681h(e) was passed in 1970 while § 1681t(b)(1)(F) was passed in 1996, and curiously "the 1996 preemption section seems to swallow the 1970 one with respect to claims against furnishers." *Himmelstein*, 931 F. Supp. 2d at 57.

As other courts in this district have concluded, the "operative language" in "§ 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption." *Id.* at 60 (quoting *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011)); *see also Armstrong*, 292 F. Supp. 3d at 469–71 (having "little difficulty concluding that the 1996 FCRA preemption provision applies" to state common-law claims regardless of whether the information was furnished with malice or willful intent to injure the consumer). Because Mr. Asterbadi's defamation claim is premised solely upon conduct that § 1681s-2 directly regulates, and the FCRA preempts state claims arising from that conduct, the defamation claim is dismissed with prejudice.

## IV.   CONCLUSION

Cenlar's motion to dismiss for failure to state a claim is granted with prejudice as to the 15 U.S.C. §§ 1681e(b) and 1681i(a) claims and state law defamation claim and is granted without prejudice as to the 15 U.S.C. § 1681s-2(b) claim. By separate order, the defendants who have not moved to dismiss will be instructed to meet and confer with the plaintiff.

Date: 1-20-26

Royce C. Lamberth
United States District Judge